[L. A. No. 4036. Department One.—May 12, 1917.]

EDITH EELLS, Appellant, v. GEORGE EELLS, Respondent.

DEED—DELIVERY—FINDINGS—EVIDENCE.—In this action to quiet title, which turned upon the question whether or not a deed from the plaintiff to the defendant had been actually delivered, the evidence is held sufficient to sustain the finding of delivery.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Willis I. Morrison, Judge.

The facts are stated in the opinion of the court.

Edith D. McKinley, for Appellant.

Williams & Rutan, and George P. Adams, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—In this action plaintiff sought a decree quieting her alleged title to certain real property described in the complaint, and also asked that a deed which purported to convey the same property to defendant be canceled and annulled. The court denied her the relief sought and gave judgment in favor of defendant, from which, and an order denying her motion for a new trial, plaintiff appeals.

The action grows out of the following facts: The parties
are husband and wife. At the time of the marriage in 1909
defendant, the husband, owned nineteen and one-half acres
of land upon which, at the request of plaintiff, he declared
a homestead. He exchanged nine and one-half acres of this
land for property in the city of Los Angeles, consisting of
a house and lot constituting the subject of suit, which was
owned by one Susan A. Hobbs, who on December 17, 1912,
conveyed the same to plaintiff as her separate estate. On
February 12, 1913, plaintiff signed and acknowledged a deed
conveying to defendant this property so acquired from Hobbs.
The chief question involved concerns the delivery or nonde-
livery of this deed of conveyance, wherein defendant was
named grantee.

The contention of plaintiff, supported by her testimony,
is that the deed was so executed by her, not with the intention
of a present delivery thereof to her husband, but with the
purpose, in case of her death, of saving her estate the expense
of administration; and that he secured possession of the deed
by wrongfully abstracting the same from where she had
placed it between the mattresses of her bed. On the other
hand, it was alleged in the answer, and testimony was offered
in behalf of defendant which clearly tended to prove that
he was inexperienced and unfamiliar with legal instruments
and their effect, while plaintiff was an attorney of several
years' experience in the laws of conveyancing and familiar
with matters relating thereto, and during her marriage had
acted for defendant in the conduct and management of all
such matters; that at the time of the exchange of the prop-
erties she assumed charge thereof and stated to defendant
that if the title to the Hobbs property was placed in her
name, she could manage the same and collect the rents there-
of to better advantage, and if so conveyed to her she would,
for his protection, immediately execute and deliver to him
a deed to the property; that defendant, relying upon his
wife's representations and having implicit confidence in her
expressed purpose to convey the property to him, consented
to the lodgment in her of the title to the Hobbs property;
that in compliance with her agreement so to do she, on Feb-
ruary 12, 1913, made and delivered the deed to him, at the
same time advising that no record thereof be made until
after her death; that thereafter she took the instrument

from a drawer where he had deposited it for safekeeping and secreted it between the mattresses, from where he, upon finding it, took the same and had it recorded; and that the property so conveyed by Hobbs to plaintiff with defendant's consent in exchange for the nine and one-half acres of land was never intended by him to be the subject of a gift to plaintiff. All of these facts the court found to be true in accordance with the evidence so offered on behalf of the defendant.

Appellant, who appears *in propria persona,* devotes much of her brief in an endeavor to show that the findings above referred to, and particularly that as to the delivery of the deed, are not supported by the evidence. The contention is wholly without merit. The most that can be said is that there is a sharp conflict between the testimony of the parties touching the matters, and the court, as it was fully warranted in doing, gave the greater weight to the testimony of defendant than it did to that of plaintiff. It thus appears that defendant's ownership of the property, as found by the court, is based upon a conveyance thereof duly executed and delivered by plaintiff to defendant in accordance with her agreement so to do made at the time when in her own name she acquired title to the Hobbs property. This being true, it is immaterial whether or not other findings relating to plaintiff's alleged fraudulent acts in procuring the deed, and want of consideration paid therefor by her, are supported by the evidence. Conceding the absence of fraud on her part, and that her abandonment of the homestead declared by the husband constituted a part of the consideration for the Hobbs deed, it could not, under the circumstances shown, affect the judgment. Appellant has filed a voluminous brief devoted to a discussion of abstract questions of law not here involved, and to matters proper for the consideration of the trial court, and which it is presumed to have considered in determining the weight to be given the conflicting evidence.

The judgment and order appealed from are affirmed.

Sloss, J., and Shaw, J., concurred.